IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02477-PAB

TONY FRIENDS JR.,

     Applicant,

v.

DEBORAH DENHAM, Warden, FCI Englewood,

     Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241**

---

     This matter comes before the Court on respondent's Motion to Dismiss Application for Writ of Habeas Corpus Due to Mootness [Docket No. 30]. Applicant, Tony Friends Jr., filed this action pursuant to 28 U.S.C. § 2241 on September 5, 2014 while he was confined at the Englewood Federal Correctional Institution in Littleton, Colorado. Applicant claimed that institutional staff violated 18 U.S.C. § 3624(c) when they did not consider each relevant factor when deciding his eligibility for Residential Re-Entry Center ("RRC") placement. He sought a ten-month placement in an RRC, to occur no later than October 31, 2014, and an evaluation to determine if home detention is appropriate.

     On January 28, 2015, Applicant became eligible for placement in home confinement and was placed on a waiting list. Docket No. 30-1 at 4. He was placed into the RRC located in Kansas City, Missouri on February 3, 2015. *Id*. On May 1,

2015, Applicant was placed in home confinement.  *Id*.  His projected release date is July 28, 2015.

## I. **MOOTNESS DOCTRINE**

Respondent moves the Court to dismiss the § 2241 Application as moot because Applicant has been released from custody into an RRC.  Docket No. 30.  "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996); *see also Alvarez v. Smith*, 558 U.S. 87 (2009).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  At all stages of the case, the parties must have a "personal stake in the outcome" of the lawsuit. *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78).  Federal courts have no authority to give an opinion upon a question that is moot as a result of events that occur during the pendency of the action.  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

Because Mr. Friends has been released to an RRC, there no longer is a case or controversy for the Court to determine.  Therefore, the action will be dismissed as moot and for lack of subject matter jurisdiction.  *Accord Page v. Wiley,* No. 06-1616, 2009 WL 416272 (D. Colo. Feb. 17, 2009) (§ 2241 application moot where prisoner was placed in community corrections center after application was filed).  Accordingly, it is

**ORDERED** that Respondent's Motion to Dismiss [Docket No. 30] is **GRANTED**. It is further

**ORDERED** that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is denied as moot and this action is dismissed without prejudice. It is further

**ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Friends files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED July 2, 2015.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

3